IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL HENSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 09-0409-CG-M |
| | ) |
| **PERRY COUNTY, ALABAMA, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

The court notes that although the plaintiff filed a return of service as to Perry County, Alabama (Doc. 13, Exhibit B) showing personal service upon the County Clerk of Perry County, Alabama. Rule 4(j)(2) of the Federal Rules of Civil Procedure directs that service on a local government must be made by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Rule 4(a)(c)(11) of the Alabama Rule of Civil Procedure directs that service upon a County "...requires service upon the chairman or presiding officer or member of the governing body of such county." Walta Kennie is listed as the County Clerk of Perry County in the complaint, and the return of service represents that Tamara Cash was served with a copy of the summons and complaint both personally and via certified mail. There is nothing on file that indicates that Tamara Cash has the authority to accept service on behalf of Walta Kennie; therefore, the court finds that Perry County, Alabama has not been properly served.

This matter was commenced on July 6, 2009. Unless the plaintiff can show good cause **on or before December 21, 2009** why his claims against the Perry County, Alabama should not

be dismissed, such claims will be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) without further order from the court.

**DONE and ORDERED** this 30th day of November, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE